# United States District Court
# for the Northern District of Illinois
# Eastern Division

| | |
|---|---|
| Ahmad Jajeh, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| County of Cook, ) | |
| ) | |
| Defendant. ) | Jury demanded |

## COMPLAINT AND JURY DEMAND

Plaintiff, Ahmad Jajeh, complains of the Defendant as follows:

### Nature of the Claim

1. Plaintiff Ahmad Jajeh sues to redress the legal and equitable wrongs he suffered when Defendant harassed him on the basis of his national origin and religion, retaliated against him for objecting to the harassment, and discriminated against him in violation of the Civil Rights Act of 1964, as amended.

### Parties

2. Plaintiff is Ahmad Jajeh, M.D. ("Dr. Jajeh").

3. Defendant is County of Cook, doing business as John H. Stroger, Jr., Hospital of Cook County ("Stroger Hospital").

### Jurisdiction and Conditions Precedent

4. Jurisdiction of this action is founded on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII").

5. Defendant is engaged in, among other things, the business of providing hospital and health services to the general public in the City of Chicago, Cook County, Illinois, in the Northern District of Illinois.

6. Dr. Jajeh, a citizen of the United States of America, of Syrian national origin whose religion is Muslim, resides in Chicago, Illinois.

7. At all times relevant to this action, Defendant was engaged in an industry affecting commerce and had fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current and preceding calendar years.

8. Dr. Jajeh has performed all conditions precedent to suing on the Title VII claims alleged in this Complaint. His Charges of Discrimination are attached to this Complaint as Exhibits A, B, and C, and his Notices of Right to Sue are attached to this Complaint as Exhibits D, E, and F.

## Facts

9. Dr. Jajeh had been an Attending Physician in the Hematology/Oncology Division at Stroger Hospital for nearly 16 years when Defendant terminated him on or about April 20, 2007.

10. Dr. Jajeh's performance met and exceeded Defendant's expectations. During his tenure at Stroger Hospital, Dr. Jajeh was the recipient of awards relating to his performance, as well as grants from the National Institute of Health, from which Stroger Hospital benefitted.

11. Beginning in the summer of 2003, a fellow physician, Dr. Rosalind Catchatourian, began subjecting Dr. Jajeh to slurs and derogatory comments about his ethnicity and religion. Dr. Catchatourian characterized Dr. Jajeh as an Islamic terrorist. Dr. Jajeh was the only Muslim and Syrian in his department.

12.     From time-to-time, Dr. Jajeh would complain to the Chairman of the Hematology/Oncology Division, Dr. Thomas Lad, and to the Chief of Stroger Hospital. After each complaint, Dr. Jajeh suffered retaliation, including but not limited to, having his grants confiscated; being given a heavier workload; removing his nurse practitioner, interns, residents and fellows; meting out unwarranted discipline; attempting to prevent his reappointment; and issuing groundless negative performance evaluations.

13.     On or about April 18, 2007, Dr. Jajeh was informed that he would be laid-off effective April 20, 2007. The reason given was that he was part of the Defendant's ongoing layoff process.

14.     Dr. Jajeh was the only physician in the Hematology/Oncology Division who was laid off.

15.     According to Defendant's own policies, the layoff was to include only service physicians. Service physician provide services which complement the services provided by regular staff, primarily in the emergency room, on night call, covering routine Hospital services or in community clinics. Dr. Jajeh was not a service physician -- he was an Active member of the medical staff. Dr. Jajeh was the only physician in a subspecialty section of the Department of Medicine at Stroger Hospital to be laid off.

16.     Dr. Jajeh's position was not eliminated from the Hematology/Oncology Division budget. Shortly after Dr. Jajeh was terminated, the Hematology/Oncology Division hired a new attending physician and continued to solicit other physicians for

positions in the Division. A part time physician in the Hematology/Oncology Division has been converted to full time.

17. In November 2008, Dr. Jajeh sent a letter to the Chairman of the Hematology/Oncology Division stating that he was interested in any available position, but he received no response.

18. As a proximate result of Defendant's acts or omissions as pled, Dr. Jajeh endured harassment and retaliation and ultimately lost his job, lost wages, lost health benefits, and suffered pain.

## **Count I – Retaliation in Violation of Title VII**

19. Plaintiff realleges paragraphs 1 through 18 of this Complaint.

20. Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII by taking adverse action against Dr. Jajeh and/or selecting him for lay off because he opposed the harassment based on his religion and national origin and because he filed a Charge of Discrimination with the EEOC and otherwise participated in proceedings under Title VII.

21. As a proximate result of Defendant's retaliation, Dr. Jajeh suffered the damages alleged.

***Wherefore***, Plaintiff Ahmad Jajeh prays for:

    a. A finding that Defendant retaliated Plaintiff in violation of Title VII;

    b. Reinstatement to his position or a comparable position; or, in the alternative, pay for such a position for a reasonable time into the future;

c. Back pay, employment benefits, and other compensation lost to him as a result of Defendant's retaliation;

d. Prejudgment interest at the prevailing rate on the award of back pay, lost.

e. An award of compensatory damages for the harm he suffered as a result of Defendant's discriminating against him on the basis of his religion and national origin;

f. An award of reasonable attorneys' fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

g. Such other relief as this Court deems just and appropriate.

**Count II – Discrimination Based on National Origin in Violation of Title VII**

22. Dr. Jajeh realleges paragraphs 1 through 18 of this Complaint.

23. By the conduct alleged herein, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII by allowing harassment on the basis of Dr. Jajeh's national origin to occur on its premises when it knew or should have known that it was occurring and/or by discriminating against Dr. Jajeh on the basis of his national origin by selecting him for lay off.

24. Defendant failed to take prompt, effective remedial action intended to eliminate harassing conduct when it knew or should have known of this illegal behavior.

25. That the effect of the practices complained of herein deprived Dr. Jajeh of equal terms, conditions, and privileges of employment and otherwise affected his status as an employee because of his national origin.

26. The unlawful employment practices complained of herein were intentional.

27. The unlawful employment practices complained of herein were done with malice or with reckless indifference to Plaintiff's federally protected rights to be free from discrimination based on national origin in the workplace.

28. As the result of Defendant's unlawful conduct, Dr. Jajeh suffered the damages alleged.

*Wherefore*, Plaintiff Ahmad Jajeh prays for:

    a. A finding that Defendant discriminated against Plaintiff on the basis of his national origin in violation of Title VII;

    b. Reinstatement to his position or a comparable position; or, in the alternative, pay for such a position for a reasonable time into the future;

    c. Back pay, employment benefits, and other compensation lost to him as a result of Defendant's discriminating against him on the basis of his national origin;

    d. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to him as a result of Defendant's discriminating against him on the basis of his national origin;

    e. An award of compensatory damages for the harm he suffered as a result of Defendant's discriminating against him on the basis of his religion and national origin;

    f. An award of reasonable attorneys' fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

    g. Such other relief as this Court deems just and appropriate.

### Count III — Religious Discrimination in Violation of Title VII

29. Dr. Jajeh realleges paragraphs 1 through 18 of this Complaint.

30. By the conduct alleged herein, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII by allowing harassment on the basis of Dr. Jajeh's religion to occur on its premises when it knew or should have known that it was occurring and/or by discriminating against Dr. Jajeh on the basis of his religion by selecting him for lay off.

31. Defendant failed to take prompt, effective remedial action intended to eliminate harassing conduct when it know or should have known of this illegal behavior.

32. That the effect of the practices complained of herein deprived Dr. Jajeh of equal terms, conditions, and privileges of employment and otherwise affected his status as an employee because of his religion.

33. The unlawful employment practices complained of herein were intentional.

34. The unlawful employment practices complained of herein were done with malice or with reckless indifference to Plaintiff's federally protected rights to be free from harassment based on religion in the workplace.

35. As a proximate result of this religious discrimination, Dr. Jajeh suffered the damages alleged.

**Wherefore**, Plaintiff Ahmad Jajeh prays for:

a. A finding that Defendant discriminated against Plaintiff on the basis of his religion in violation of Title VII.

b. Reinstatement to his position or a comparable position; or, in the alternative, pay for such a position for a reasonable time into the future;

c. Back pay, employment benefits, and other compensation lost to him as a result of Defendant's discriminating against him on the basis of his religion;

d. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to him as a result of Defendant's discriminating against him on the basis of his religion;

e. Compensatory damages for the harm he suffered as a result of Defendant's discriminating against him on the basis of his religion;

f. Reasonable attorneys' fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

g. Such other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

                                              Respectfully submitted,

                                              __s/David L. Lee__
                                              One of plaintiff's attorneys

Lori D. Ecker
LAW OFFICE OF LORI D. ECKER
120 N. LaSalle St., Ste. 1050
Chicago, IL 60602
312-855-1880
loriecker@ameritech.net
Registration No. 6183063


David L. Lee
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd., Ste. 505
Chicago, IL 60604
312-347-4400
d-lee@davidleelaw.com
Registration No. 1604422